## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

FEDERAL TRADE COMMISSION and

PEOPLE OF THE STATE OF ILLINOIS,

    Plaintiffs,

    v.

GRUBHUB INC., a corporation, and

GRUBHUB HOLDINGS INC., a corporation,

    Defendants.

Case No. 1:24-cv-12923

**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for a Permanent Injunction, Monetary Relief, and Other Relief ("Complaint"), pursuant to Sections 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§53(b), 57b, and 8404. Plaintiff People of the State of Illinois, by Kwame Raoul, Illinois Attorney General, joined in filing the Complaint pursuant to Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 ("Consumer Fraud Act") to obtain a preliminary or permanent injunction, restitution, and civil penalties against Defendants.

Plaintiffs and Defendants stipulate to the entry of this Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.       This Court has jurisdiction over this matter.

2.       The Complaint charges that Defendants participated in deceptive and unfair acts or practices and unfair methods of competition in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8401 *et seq*., the FTC's Trade Regulation Rule entitled "Impersonation of Government and Businesses," 89 Fed. Reg. 15017 (effective Apr. 1, 2024) (to be codified at 16 C.F.R. pt. 461), and acts and practices that the Commission has previously determined to be unfair and deceptive in connection with the advertising, marketing, promotion, and offering for sale of goods or services for pickup and delivery on its online or mobile platforms.

3.       The Complaint additionally alleges that Defendants participated in deceptive and unfair acts and practices in violation of Section 2 of the Consumer Fraud Act, 815 ILCS 505/2 and Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, in the course of trade or commerce through Defendants' advertising, marketing, promotion, and offering for sale of goods and services for pickup and delivery in or from the State of Illinois.

4.       Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

5.       Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

6.       Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.  **"Billing Information"** means any data that enables any person to access a consumer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B.  **"Block" or "Blocked"** means a restriction on a consumer's account that prevents the consumer from completing a transaction on a Grubhub Platform, including by preventing a consumer from placing an order or, unless the consumer requests an order be canceled, cancelling the consumer's order after it has been placed but before it has been fulfilled.

C.  **"Charge," "Charged," or "Charging"** means any attempt to collect money or other consideration from a consumer, including causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

D.  **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is easily noticeable (i.e. difficult to miss) and easily understandable by ordinary consumers, including in all of the following ways:

1.  In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.      In any communication using an interactive electronic medium, such as the Internet, mobile application, or software, the disclosure must be unavoidable. A disclosure is not Clear and Conspicuous if a consumer must take any action, such as clicking on a hyperlink or hovering over an icon, to read, see, hear, or otherwise understand it.

5.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes members of that group.

E.      "**Defendants**" means Grubhub Inc. and Grubhub Holdings Inc. and their

successors and assigns.

F. **"Delivery Worker"** means someone who contracts with Grubhub and is approved to provide delivery services for an order placed on a Grubhub Platform.

G. **"Grubhub Platform"** means any of Defendants' websites or mobile applications that allow consumers to place orders for food items from restaurants or that allow Delivery Workers to perform their services, including grubhub.com, seamless.com, and the Grubhub and Seamless (Powered by Grubhub) applications.

H. **"Negative Option Feature"** is a provision of a contract under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller as acceptance or continuing acceptance of the offer, including for a paid subscription or membership.

I. **"Unaffiliated Vendors"** means restaurants, grocery stores, convenience stores, alcohol stores, or any other vendor of any kind that does not have an agreement with Defendants to sell or offer to sell its goods or services on a Grubhub Platform.

## ORDER

## I. PROHIBITIONS AGAINST MISREPRESENTATIONS AND OMISSIONS ABOUT FEES AND CANCELLATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any good or service are permanently restrained and enjoined from:

A. Misrepresenting, expressly or by implication:

1. The amount a consumer will pay for Defendants' services in connection with a delivery order;

2. The existence or amount of any fees, or the lack thereof, to purchase, receive, or use the good or service;

3. The nature or purpose of any fees to purchase, receive, or use the good or service, including the identity of any good or service for which fees are Charged;

4. That a consumer of a good or service will receive free delivery or delivery for a nominal or otherwise discounted fee;

5. The date by which the consumer must cancel an agreement with a Negative Option Feature or reject the good or service that is the subject of the agreement in order to prevent a Charge under such agreement;

6. Any other fact material to a consumer concerning the good or service or a Negative Option Feature, such as: the total costs or fees; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

B. Failing to disclose, Clearly and Conspicuously, on any page on the Grubhub Platform that references, expressly or by implication, the specific cost to place a delivery order at a particular restaurant: the amount or percentage (if calculated on a percentage basis), or a range of either the amount or percentage, of any additional fee that a consumer must incur at that restaurant to place a delivery order, excluding only (a) fees or charges imposed on the transaction by a Federal, State, Tribal, or local government agency, unit or department, and (b) any optional tip.

C. Failing to disclose, Clearly and Conspicuously, any time a consumer has selected

any item(s) on a Grubhub Platform and those selections are displayed, all fees the consumer will incur based on those selections, including the nature or purpose of each fee, the amount of each fee, and the total amount a consumer must pay based on the selections; or

D.      Obtaining Billing Information from a consumer for a good or service with a Negative Option Feature, without first disclosing Clearly and Conspicuously, and immediately adjacent to the means of recording the consumer's express informed consent for the Negative Option Feature, all material terms of the transaction.

## II.      PROHIBITIONS REGARDING DENIAL OF ACCESS TO FUNDS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly:

A.      In connection with any consumer's account that contains any stored value (including a gift card) on any Grubhub Platform, are permanently restrained and enjoined from:

1.      Placing a Block on a consumer's account, without simultaneously notifying the consumer, including by:

i.  Providing written notice of the Block to the consumer through the Grubhub Platform by Clear and Conspicuous disclosure and by at least one of the following means: (1) email; (2) text message; or (3) other electronic means;

ii.  Explaining the reason for the Block, effects of the Block on the consumer's account, including whether the consumer is able to access any gift card funds loaded into the account while the Block is in place, and how the consumer may challenge the Block; and

iii. Providing the consumer a mechanism—on all Grubhub Platforms through which the consumer can access the account—to dispute the Block, where such mechanism shall be available immediately after the consumer receives the written notice and offers the option to upload supporting documents and speak with a live human customer service agent by chat or by telephone, at the consumer's request.

2. Failing to, within 48 hours of receiving a dispute and/or supporting materials under Subsection A(1)(iii):

i. Review them and document findings and conclusions in writing ("Final Report") that include the reason(s) for the Block and whether the consumer is able to access any gift card funds loaded into the account; and

ii. Provide the Final Report to the consumer through at least two of the following means: (1) the Grubhub Platform; (2) email; (3) text message; or (4) other electronic means.

3. Failing to, upon a finding in an investigation or any report under Subsection A(2) that the Block is not appropriate, lift the Block within 12 hours, fully restore the consumer's access to the account and the full amount of any gift card balance loaded onto the account, and provide written notice to the consumer through at least two of the following means: (1) the Grubhub Platform; (2) email; (3) text message; or (4) other electronic means.

4. Failing to promptly refund to a consumer the total value of any gift card balance remaining in the consumer's account where Defendants have failed to comply with any requirements under Subsections A(1)-A(3).

B. In connection with the advertising, marketing, promoting, offering for sale, or sale of any good or service are permanently restrained and enjoined from:

1. Charging a consumer in connection with a Negative Option Feature while the consumer's account is Blocked; or

2. Allowing a consumer to load a gift card onto a Blocked account.

## III. PROHIBITIONS REGARDING UNAFFILIATED VENDORS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any good or service are permanently restrained and enjoined from:

A. Advertising, marketing, offering for sale or selling on the Grubhub Platform:

1. any perishable good from any Unaffiliated Vendor; or

2. any good or service from any Unaffiliated Vendor that is a restaurant, including by listing landing pages, menus, and any other content from the Unaffiliated Vendor; or

B. Misrepresenting, expressly or by implication, that Defendants' delivery services share a sponsorship, endorsement, approval, status, affiliation, or connection with Unaffiliated Vendors.

## IV.    PROHIBITIONS AGAINST MISREPRESENTATIONS REGARDING DELIVERY WORKERS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any good, service, or opportunity to earn money, are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.    That Delivery Workers are likely to earn a set hourly rate;

B.    The amount or rate of pay a Delivery Worker is likely to earn, including for the total time a Delivery Worker is logged into a Grubhub application for Delivery Workers (e.g., Grubhub for Drivers);

C.    The amount or rate of pay Defendants will pay Delivery Workers;

D.    For representations regarding Delivery Worker earnings based on a unit of time (such as an hour, year, or season), what Delivery Worker activities (such as waiting to receive offers on a Grubhub application for Delivery Workers) are included or excluded in that unit of time;

E.    That Defendants will give Delivery Workers customer tips in addition to Defendants' contribution to Delivery Workers' earnings;

F.    The percentage or amount of any customer tip a Delivery Worker will receive;

G.    That any amount customers pay is a tip;

H.    Whether the amount or rate of pay includes or excludes a Delivery Worker's expenses, such as gas, vehicle maintenance, and insurance; or

I.      Any other fact material to a Delivery Worker concerning the opportunity to earn money, such as the total costs, fees, or expenses; or any material restrictions, limitations, or conditions.

## V.      PROHIBITIONS CONCERNING EARNINGS CLAIMS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any good, service, or opportunity to earn money, are permanently restrained and enjoined from making any representation regarding Delivery Worker earnings, or assisting others in making any representation regarding Delivery Worker earnings, expressly or by implication, unless, at the time the representation is made:

A.      The income, earnings, or financial gain represented is typical for Delivery Workers similarly situated to consumers to whom the claim is made;

B.      Defendants have in their possession competent and reliable evidence that substantiates the claimed earnings;

C.      Defendants make that evidence, along with a written explanation of a reproducible method of calculating the amount represented in the claim, available to the FTC upon request; and

D.      Defendants make a written explanation of a reproducible method of calculating the amount represented in the claim available to any Delivery Worker upon request.

## VI. SIMPLE CANCELLATION MECHANISM FOR NEGATIVE OPTION FEATURE

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any good or service with a Negative Option Feature, are permanently restrained and enjoined from failing to provide a simple mechanism for the consumer to cancel to avoid being Charged, or Charged an increased amount, for a good or service, and immediately stop any subsequent or recurring Charge. Each such mechanism must also:

A.     Be at least as easy to find and use as the method the consumer used to consent to the Negative Option Feature;

B.     Be provided, at a minimum, through the same medium (including website, mobile application, or telephone call) the consumer used to consent to the Negative Option Feature, and

1.     For Internet cancellation, the consumer must be able to conveniently cancel through the same website or mobile application the consumer used to consent to the Negative Option Feature; and

2.     For telephone call cancellation, consumers must be able to cancel by telephone call to a toll-free telephone number, and Defendants must ensure all calls to this number are answered promptly during normal business hours.

## VII. REMINDERS OF A NEGATIVE OPTION FEATURE

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any good or service with a

Negative Option Feature, must provide consumers subject to a Charge through a Negative Option Feature a reminder, at least annually, identifying the good or service, the frequency and amount of the Charge, and instructions on the ways to cancel, including the simple mechanism to cancel. At a minimum, such reminders must be provided through at least one method of communication, including email or text message.

## VIII.  JUDGMENT FOR MONETARY RELIEF AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of One Hundred Forty Million Dollars ($140,000,000) is entered in favor of Plaintiffs against Defendants, jointly and severally, as monetary relief.

B.      Defendants are ordered to pay to the Commission $24,800,000, which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of the Commission. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.      The Plaintiffs' agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collective, "financial representations"), submitted to the Commission, namely:

1.      the Financial Statement of Defendants signed by Adam Patnaude on October 3, 2024 including the attachments submitted on 8/30/2024 and 9/6/2024;

D.      The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission or Plaintiff State of Illinois, the Court finds that any Defendant failed to

disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

F.     Within 7 days of entry of this Order, Defendants shall pay Two Hundred Thousand Dollars ($200,000) to the People of the State of Illinois as a voluntary contribution to the Attorney General Court Ordered and Voluntary Compliance Payment Projects Fund. Payment shall be made via wire transfer to the account information provided by the Illinois Attorney General. The Illinois Attorney General shall cause this payment to be deposited in the Attorney General Court Ordered and Voluntary Compliance Payment Projects Fund and shall be used by the Illinois Attorney General for any purpose authorized by Section 7(e) of the Consumer Fraud Act, 815 ILCS 505/7(e). Defendants shall not be entitled to further accounting regarding the money deposited into this account.

## IX.  ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a

nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Each Defendant acknowledges that Defendants' Employer Identification Numbers, Social Security Numbers, or Other Taxpayer Identification Numbers ("TIN"), including all TINs that Defendants previously provided, may be used by Plaintiffs for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.     All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief shall be split evenly between the Plaintiffs, and the federal portion is to be deposited to the U.S. Treasury. Any money paid to the State of Illinois not used for equitable relief may be used to the full extent authorized by law, including, but not limited to, as payment for the State's costs of investigating and litigating the instant case. Defendants have no right to challenge any actions Plaintiffs or their representatives may take pursuant to this Subsection.

## X.  CUSTOMER, VENDOR, AND DELIVERY WORKER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer, vendor, or Delivery Worker information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

## XI.  ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 15 years after entry of this Order, each Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of

receipt of this Order.

## XII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.    Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, representations regarding Delivery Worker earnings made, type of Negative Option Features offered, disclosures to consumers, simple mechanisms to cancel, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.    For 15 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.    Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of

17

the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580. The subject line must begin: *FTC v. Grubhub*, 202-3157.

F.     Upon request, any compliance report, compliance notice, notice of filing, or any other written submission to the Commission or a Commission representative by Defendants pursuant to this Order, may be shared with the Office of the Illinois Attorney General.

### XIII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 15 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendants must create and retain the following records:

A.     accounting records showing the revenues from all goods or services sold;

B.          personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.          records of all consumer complaints and refund requests concerning the subject matter of this Order, whether received directly or indirectly, such as through a third party, and any response;

D.          all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E.          a copy of each unique advertisement or other marketing material concerning the subject matter of this Order, including a copy of each unique advertisement or other marketing material relating to representations regarding Delivery Worker earnings; and

F.          substantiation of representations regarding Delivery Worker earnings.

## XIV. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, and any failure to transfer any assets as required by this Order:

A.          Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff State of Illinois, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission and Plaintiff State of Illinois are authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission and Plaintiff State of Illinois may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 31st  day of  December , 2024.**

_____
LINDSAY C. JENKINS
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

_____     Date: _____
CLAIRE E. W. STEWART
LISA W. BOHL
KATHARINE ROLLER
Federal Trade Commission
Midwest Region
230 South Dearborn Street, Room 3030
Chicago, Illinois 60604
(312) 960-5634 [telephone]
(312) 960-5600 [facsimile]
cstewart@ftc.gov
lbohl1@ftc.gov
kroller@ftc.gov

FEDERAL TRADE COMMISSION

**THE PEOPLE OF THE STATE OF ILLINOIS**

KWAME RAOUL
Attorney General


_____     Date: _____
GREG GRZESKIEWICZ
THOMAS P JAMES
WILTON PERSON
WILLIAM S. WINGO
Office of the Illinois Attorney General
Consumer Fraud Bureau
115 S. LaSalle Street, 26th Floor
Chicago, Illinois 60603
Greg.Grzeskiewicz@ilag.gov [email, Grzeskiewicz]
Thomas. James@ilag.gov [email, James]
Wilton.Person@ilag.gov [email, Person]
William Wingo@ilag.gov [email, Wingo]
(312) 814-2218 [phone, Grzeskiewicz]
(773) 590-7944 [phone, James]
(773)  550-7263 [phone, Person]
(773) 758-4569 [phone, Wingo]
STATE OF ILLINOIS

**FOR DEFENDANTS GRUBHUB INC. AND GRUBHUB HOLDINGS, INC.**


_____     Date: _____
MARK D. HOPSON
BENJAMIN M. MUNDEL
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000 [telephone]
(202) 736-8711 [facsimile]
kkoehler@sidley.com
bmundel@sidley.com
laura.craig@sidley.com
COUNSEL for Grubhub Inc. and Grubhub Holdings, Inc.


_____     Date: _____
*[COMPANY OFFICIAL]*
*[TITLE]*
Grubhub Inc. and Grubhub Holdings, Inc.