UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>PEOPLE OF THE STATE OF ILLINOIS,<br><br>  Plaintiffs,<br><br>  v.<br><br>GRUBHUB INC., a corporation, and<br><br>GRUBHUB HOLDINGS INC., a corporation,<br><br>  Defendants. | Case No. 1:24-cv-12923<br><br>JOINT INITIAL STATUS REPORT FOR REASSIGNED CASE |

**JOINT INITIAL STATUS REPORT FOR REASSIGNED CASE**

Pursuant to the Court's December 31, 2024 Minute Entry (Dkt. 12), counsel for Plaintiffs Federal Trade Commission ("FTC") and People of the State of Illinois, by Kwame Raoul, Illinois Attorney General (collectively, "Plaintiffs") and counsel for Defendants Grubhub Inc. and Grubhub Holdings Inc. ("Defendants") respectfully submit this Joint Initial Status Report for Reassigned Case as follows:

  **I.**   **Nature of the Case**

   A.  The attorneys of record are as follows:

   Plaintiff FTC

   Claire E. W. Stewart
   Lisa W. Bohl

   Plaintiff State of Illinois

   Wilton A. Person
   William S. Wingo

   Defendants Grubhub Inc. and Grubhub Holdings Inc.

1

       Benjamin M. Mundel (*pro hac vice*)
       Mark Hopson (*pro hac vice forthcoming*)
       Ross Ogden Kloeber

B. The Court has subject matter jurisdiction over this case, because it is commenced by an agency of the United States. 28 U.S.C. § 1345, and based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a).

C. Plaintiffs' complaint alleges that Defendants engaged in unfair and deceptive practices in connection with their sale of food ordering and delivery services. The Nature of the Cause of Action is for Unfair and Deceptive Acts and Practices in violation of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8401 *et seq.*, the FTC's Trade Regulation Rule entitled "Impersonation of Government and Businesses" ("Impersonation Rule"), 16 C.F.R. pt. 461, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 ("Consumer Fraud Act"), and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510.

D. Plaintiffs seek a permanent injunction, monetary relief, and civil penalties.

E. All parties have been served.

II. **Discovery and Pending Motions**

A. There are no pending motions on the docket.

B. In light of the Court's granting of the Joint Motion for Entry of the Stipulated Order (Dkt. 12) and entry of the Stipulated Order (Dkt. 13), the case is fully resolved. Therefore, no other action is anticipated in this case, and there is no current discovery schedule.

C. No fact or expert discovery has been conducted, and there is no anticipated

discovery.

D. No substantive rulings have been issued in the case.

E. There are no anticipated motions in the case.

III. **Trial**

A. Neither party has demanded a jury trial.

B. As stated above, in light of the Court's entry of the Stipulated Order (Dkt. 13) which fully resolves the case, there is no anticipated trial.

C. The parties have not filed a final pretrial order and do not anticipate doing so.

D. There are no estimated trial days anticipated.

IV. **Settlements, Referrals, and Consent**

A. The parties engaged in extensive settlement negotiations for several months before this case was filed and reached a resolution resulting in the Stipulated Order entered by the Court on December 31, 2024 (Dkt. 13). Entry of the Stipulated Order fully resolves the case and no additional settlement discussions are needed.

B. This case has not been referred to the Magistrate Judge.

C. The parties do not request a settlement conference.

D. Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes including trial and entry of final judgment. In light of the case's resolution, the parties have not conferred regarding consent to that procedure.

V. **Other**

A. The parties agree that, in light of the case's resolution, the case can be terminated.

Plaintiffs further state that nothing herein shall be deemed as evidence of Defendants' compliance or noncompliance with the Stipulated Order (Dkt. 13), or as exempting or relieving Defendants from any obligations under the Stipulated Order.

Dated:  January 9, 2025                Respectfully submitted,

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

       /s/ Claire Stewart
CLAIRE E. W. STEWART
LISA W. BOHL
Federal Trade Commission
Midwest Region
230 South Dearborn Street, Room 3030
Chicago, Illinois 60604
(312) 960-5634 [telephone]
(312) 960-5600 [facsimile]
cstewart@ftc.gov
lbohl1@ftc.gov

**FOR PLAINTIFF PEOPLE OF THE STATE OF ILLINOIS:**

KWAME RAOUL
Attorney General

       /s/ William Wingo
WILTON A. PERSON
WILLIAM S. WINGO
Office of the Illinois Attorney General
Consumer Fraud Bureau
115 S. LaSalle Street, 26th Floor
Chicago, Illinois 60603
Wilton.Person@ilag.gov [email, Person]
William.Wingo@ilag.gov [email, Wingo]
(224) 252-6458 [phone, Person]

4

(773) 758-4569 [phone, Wingo]

**FOR DEFENDANTS GRUBHUB INC. AND GRUBHUB HOLDINGS, INC.**

   /s/ Benjamin Mundel
BENJAMIN M. MUNDEL (*pro hac vice*)
MARK D. HOPSON (*pro hac vice forthcoming*)
ROSS OGDEN KLOEBER
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000 [telephone]
(202) 736-8711 [facsimile]
mhopson@sidley.com
bmundel@sidley.com
mhopson@sidley.com
rkloeber@sidley.com
COUNSEL for Grubhub Inc. and Grubhub Holdings, Inc.